**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey A Thomas,<br><br>    Plaintiff,<br><br>v.<br><br>Jeffery Shields, et al.,<br><br>    Defendants. | No. CV-22-00257-TUC-JCH<br><br>**ORDER** |

Before the Court is Plaintiff's "Motion for Sanctions or, in the Alternative, To Compel Defendants' Depositions" ("Motion") filed under Federal Rules of Civil Procedure 30 and 37. Doc. 38. Plaintiff asserts that Defendants have twice failed to appear for their properly noticed depositions. *Id.* at 1. Plaintiff requests that the Court (1) strike Defendants' answer and enter default against them; (2) in the alternative, order Defendants to appear for their depositions in Tucson, Arizona on or before June 28, 2023, with the sanction of default if they fail to do so; and (3) order Defendants to pay Plaintiff's attorneys' fees caused by Defendants' failure to appear for their depositions. *Id.* Defendant Jeffery Shields filed a response and declaration in opposition.[1] Plaintiff filed a Reply. Doc. 42. For the following reasons, the Court will grant the Motion.

**I.    Motion to Compel**

   **A. Legal Standard**

In general, parties may obtain discovery regarding any matter, not privileged, that

---

[1] The Response bears the names of both Jeffery Shields and Terel Shields. Both defendants are proceeding pro se. The Court has previously admonished the Defendants that while a party may represent himself and manage his own case in federal court, *see* 28 U.S.C.A. § 1654, "[i]t is well established that the privilege to represent oneself … is personal to the litigant and does not extend to other parties or entities." *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008). *See* Doc. 17 at 1 n.3. As such, Defendant Terel Shields did not file a Response.

is "relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Factors to consider include "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* An item need not be admissible in evidence to be discoverable. *Id.* One of the available discovery tools is a deposition. "A party may, by oral questions, depose any person, including a party without leave of court," except that leave is required under certain circumstances not present here. Fed. R. Civ. P. 30(a)(1).

A motion to compel discovery is appropriate when a party refuses to engage in or produce discovery. *See* Fed. R. Civ. P. 37(a)(2). The movant must certify that he or she has in good faith conferred or attempted to confer with the party failing to make discovery to secure information or material without court action. *See* Fed. R. Civ. P. 37(a)(1). The court also may award sanctions if a party "fails after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A). "A motion for sanctions for failing to answer or respond must include a certification that the movant conferred or attempted to confer with the party failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B).

**B. Analysis**

The discovery sought by Plaintiff—the Defendants' deposition—is relevant to the claims and possibly the defenses in this action and proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1). Defendants have twice failed to appear for their scheduled and properly noticed depositions. On March 13, 2023, Plaintiff filed and served notices for both Defendants' depositions to occur in Tucson, Arizona, on April 25, 2023. Docs. 29, 30. Defendants had six-weeks' notice. *Id.* In the interim, Defendants did not object or seek a protective order. *See generally*, Dckt. Defendants did not appear and claimed they were in the process of retaining legal counsel. On May 1, 2023, Plaintiff filed and served amended notices for both Defendants' depositions, setting the depositions for May 11, 2023, in

Tucson, Arizona. Docs. 35, 36. Again, Defendants did not object to the notices or seek a protective order. *See generally*, Dckt. Defendants did not appear and claimed Defendant Terel Shields fell ill from food poisoning. Doc. 39-1 at 3.

It does not appear to the Court that Defendants are operating in good faith. Defendants unilaterally postponed their scheduled depositions with little or no warning. In both instances, Defendants failed to provide alternative dates or arrangements. For example, *two days before* the April 21, 2023 deposition, Defendants stated, "[w]e fully intend to retain counsel now to attend the depositions with us . . . ." and later, "[o]ur lawyer is undertaking conflict checks and will be writing to you this week to reschedule depositions." Doc. 38-1, Burstein Decl. ¶ 3, Ex. A, B. Defendants refused to tell Plaintiff's counsel the name of the lawyer they had supposedly retained, stating "[i]t is not wise for us to give you his name." *Id.* at Ex. B. In his response, Defendant indicates "[m]ultiple attorneys looked into assisting the defendants before ultimately deciding against it" without providing any further details or explanation. Doc. 39 at 6. On May 11, 2023, *the morning of* the second scheduled deposition, Defendants explained that "personal health circumstances" arose and prevented their attendance. Doc. 38-1, Burstein Decl. ¶ 10, Ex. D ("We had planned to inform you yesterday when the situation materialised [sic] but unfortunately was not [sic] in a position to do so."). In his Response, Defendant Jeffery Shields did not include proof of illness substantiating the "personal health circumstances," proof of cancelled travel arrangements, such as airfare or lodging, or proof of consultation with any law firm. Defendants' actions appear dilatory.

Defendant Jeffery Shields argues that the depositions should be conducted remotely and disputes whether good faith requirements were met by Plaintiff's counsel. *See* Doc. 39. He asserts that the co-defendants are willing and able to attend their videoconference depositions on June 28. *Id.* Plaintiff has accommodated this request and noticed Defendants' videoconference depositions in Salt Lake City, Utah, on June 28, 2023. *See* Docs. 40, 41. A party's failure to attend his or her own deposition "is not excused on the ground that the discovery sought was objectionable, unless the party failing to act has a

pending motion for a protective order under Rule 26(c)." Fed. R. Civ. P. 37(d)(2). Defendant Jeffery Shields did not timely object to the location of their noticed depositions and may not do so now. Nor is the Court persuaded by the other arguments raised by the Defendant.

As such, Defendants must comply with Plaintiff's notice of deposition, appear as scheduled on June 28, 2023, and participate in good faith during the deposition. Defendants are cautioned that failure to attend the deposition will result in sanctions. Sanctions may include, but are not limited to: monetary sanctions, an order prohibiting Defendants from supporting or opposing designated claims or defenses, an order striking pleadings, and default. *See* Fed. R. Civ. P. 37(b)(2) and 37(d)(3).

**II.  Motion for Attorneys' Fees**

   **A.  Legal Standard**

Rule 37(a)(5) provides that if a motion to compel is granted, or if the disclosure or requested discovery is provided after the motion was filed, "the court *must*, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(A) (emphasis added). However, the rule also identifies three circumstances in which a court may decline to award fees despite granting a motion to compel: (1) if "the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action"; (2) if "the opposing party's nondisclosure, response, or objection was substantially justified"; or (3) if "other circumstances make an award of expenses unjust." *Id.*

   **B.  Analysis**

Here, none of the exceptions are applicable. First, Plaintiff made multiple attempts to meet-and-confer with Defendants before filing the motion to compel. Second, the reasons for failing to appear are not substantially justified. Defendants did not timely object to the noticed depositions and offer no proof to substantiate their absences. As a result,

Plaintiff was needlessly forced to waste time and money in both rescheduling the abandoned depositions and litigating the motion to compel. Accordingly, under Rule 37(a)(5)(A), Plaintiff's request for attorney's fees, incurred in bringing the Motion is granted. Plaintiff is directed to submit his Application for Attorneys' Fees by June 28, 2023.

### III.    Order

**IT IS ORDERED GRANTING** Plaintiff's "Motion for Sanctions or, in the Alternative, To Compel Defendants' Depositions" (Doc. 38). Defendants shall appear at the scheduled deposition on **June 28, 2023**. Failure to do so will result in sanctions.

**IT IS FURTHER ORDERED AWARDING ATTORNEYS' FEES.** Plaintiff is directed to submit his Application for Attorneys' Fees, under Fed. R. Civ. P. 37(a)(5)(A), on or before **June 30, 2023**. Defendants shall file their respective Oppositions no later than 21 days after service of the motion; and (3) Plaintiff shall file an optional Reply (no more than 5 pages) to the Oppositions no later than 14 days after service of the Oppositions.

Dated this 20th day of June, 2023.

_____
Honorable John C. Hinderaker
United States District Judge