**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Geoffrey A Thomas, | No. CV-22-00257-TUC-JCH |
| Plaintiff, | **ORDER** |
| v. | |
| Jeffery Shields, et al., | |
| Defendants. | |

On June 30, 2023, Plaintiff filed a Motion for Terminating Sanctions ("Motion") against Defendants Jeffery Shields and Terel Shields.[1] Doc. 49. Under the Federal Rules of Civil Procedure, Rule 37, Plaintiff requests an order striking each of Defendants' answers, Docs. 20, 21, and entering default against them. Doc. 49 at 1. Neither Defendant filed a response to the Motion. *See* Dkt. For the following reasons, the Court will grant the motion and impose terminating sanctions.

**I.    Background**

   **A. Previous Warning**

On March 1, 2023, this Court issued a pre-trial Case Management Order setting the fact discovery deadline for June 30, 2023. Doc. 26 at 1. On March 13, 2023, Plaintiff filed and served notices for Defendants' depositions to occur in Tucson, Arizona, on April 25, 2023, effectively giving Defendants six-weeks' notice. *See* Docs. 29, 30. Defendants did

---

[1] In support of the Motion, Plaintiff also filed declarations from his counsel, including Dylan Burstein, (Burstein Decl. at Doc. 50) and Jeffrey Willis, (Willis Decl. at Doc. 51), with supporting exhibits.

1  not object to the notices or seek a protective order. *See generally*, Dckt. On April 21, 2023,
2  Defendants told Plaintiff's counsel they would not attend their April 25 deposition. Doc. 50,
3  Burstein Decl. ¶ 4, Ex. B. Defendants further indicated, "[w]e fully intend to retain counsel
4  now to attend the depositions with us . . . ." and later, "[o]ur lawyer is undertaking conflict
5  checks and will be writing to you this week to reschedule depositions." Doc. 50, Burstein
6  Decl. ¶ 4, Ex. B. Defendants refused to tell Plaintiff's counsel the name of the lawyer they
7  had supposedly retained, stating "[i]t is not wise for us to give you his name." Doc. 50,
8  Burstein Decl. ¶ 4, Ex. B No lawyer for Defendants contacted Plaintiff's counsel. Doc. 50,
9  Burstein Decl. ¶ 5. Later, on May 1, 2023, Defendant Jeffery Shields informed Plaintiff's
10 counsel, "[o]ur lawyer will be in contact with you today to confirm our representation,
11 reschedule the depositions and also to work out dates for the deposition of Geoffrey
12 Thomas." Doc. 50, Burstein Decl. ¶ 6, Ex. C.  Again, no lawyer for Defendants contacted
13 Plaintiff's counsel. Doc. 50, Burstein Decl. ¶ 7.

14 On May 1, 2023, Plaintiff filed and served amended notices for both Defendants'
15 depositions, setting the depositions for May 11, 2023, in Tucson, Arizona. Docs. 35, 36.
16 Defendants did not object to the notices or seek a protective order. *See generally*, Dckt. On
17 May 11, Defendants again failed to appear for their scheduled depositions. Doc. 50,
18 Burstein Decl. ¶ 9. On May 11, the morning of the scheduled deposition, Defendants
19 explained that "personal health circumstances" arose and prevented their attendance.
20 Doc. 50, Burstein Decl. ¶ 10, Ex. D ("We had planned to inform you yesterday when the
21 situation materialised [sic] but unfortunately was not [sic] in a position to do so.").

22 On May 23, Plaintiff filed a Motion for Sanctions or, in the Alternative, to Compel
23 Defendants' Depositions. Doc. 38. Defendant Jeffery Shields filed a response in opposition.
24 *See* Doc. 39; *see also* Doc. 47 at n.1. In his response, Defendant Jeffery Shields did not
25 include proof substantiating the "personal health circumstances," proof showing cancelled
26 travel arrangements, such as airfare or lodging indicating that they even planned to attend
27 their depositions in the first place, or proof of consultation with any law firm. *See* Doc. 39
28 at 6. He also objected to the depositions taking place in Tucson, argued that the depositions

should be conducted remotely, and asserted that he and his co-defendant were able and willing to attend their June 28 depositions, albeit remotely. *Id.* at 5–6. On June 13, Plaintiff filed and served amended notices for both Defendants' depositions, setting videoconference depositions for Defendants on June 28, 2023. Docs. 40, 41.

On June 20, 2023, the Court granted the motion to compel. Doc 47. The Court noted that Defendants' actions appeared dilatory and that it did not appear Defendants were operating in good faith. *Id.* at 3. The Court indicated that "Defendants must comply with Plaintiff's notice of deposition, appear as scheduled on June 28, 2023, and participate in good faith during the deposition." *Id.* at 4. The Court warned:

> Defendants are cautioned that failure to attend the deposition will result in sanctions. Sanctions may include, but are not limited to: monetary sanctions, an order prohibiting Defendants from supporting or opposing designated claims or defenses, an order striking pleadings, and default. *See* Fed. R. Civ. P. 37(b)(2) and 37(d)(3).

*Id.* The Court ordered, "Defendants shall appear at the scheduled deposition on June 28, 2023. Failure to do so will result in sanctions." *Id.* at 5 (emphasis removed). The Court also granted Plaintiff's request for attorneys' fees. *Id.*

**B. June 28, 2023 Depositions**

Plaintiff scheduled the videoconference depositions at Depomax, a court reporting facility located in Salt Lake City, Utah, where Defendants reside. Docs. 40, 41. Plaintiff set Ms. Shields' deposition for 9:00 a.m. local time, and Mr. Shields' deposition for 1:00 p.m. local time. Docs. 40, 41. Plaintiff arranged for a court reporter and videographer to attend and record the depositions. Doc. 50, Burstein Decl. ¶ 14.

In the interim, it appears the parties discussed settlement. *See* Doc. 51, Ex. 1. On the day before the scheduled deposition, Plaintiff's counsel emailed both Defendants making clear that, despite their settlement discussions, Defendants' depositions would proceed as scheduled unless the case settled prior to the depositions. Doc. 51, Willis Decl. ¶ 2, Ex. A. Later that evening, on a phone call between Plaintiff's counsel and Defendant Jeffery Shields, Plaintiff's counsel referenced the depositions scheduled to occur the following day.

Doc. 51, Willis Decl. ¶ 3.

On June 28, 2023, Defendants failed to appear for their Court-ordered depositions. Doc. 50, Burstein Decl. ¶¶ 20–21. The court reporter issued a certificate of non-attendance for both Defendants. Burstein Decl. ¶ 19, Ex. E. Defendants did not contact Plaintiff's counsel to explain their failure to attend their depositions on June 28 or in the days following. Doc. 50, Burstein Decl. ¶ 24. Defendants have not attempted to reschedule their depositions for another date or time. *Id.* Defendants did not respond to the instant Motion. *See* Dkt.

## II.     Relevant Law

"The court where the action is pending may, on motion, order sanctions if . . . a party . . . fails, after being served with proper notice, to appear for that person's deposition." Fed. R. Civ. P. 37(d)(1)(A)(i). Relatedly, when a party "fails to obey an order to provide or permit discovery, ... the court … may issue further just orders." Fed. R. Civ. P. 37(b)(2)(A). Such orders may include a range of sanctions, such as adverse inferences, "striking pleadings in whole or in part," and dismissal of "the action or proceeding in whole or in part," and "rendering a default judgment against the disobedient party." Fed. R. Civ. P. 37(b)(2)(A). The Ninth Circuit has developed "a five-part test ... to determine whether a case-dispositive sanction under Rule 37(b)(2) is justified. *See Jorgensen v. Cassiday*, 320 F.3d 906, 912 (9th Cir. 2003)) (internal quotation marks omitted). This test is not mechanical but "provides the district court with a way to think about what to do, not a set of conditions precedent for sanctions or a script that the district court must follow." *Connecticut Gen. Life Ins. Co. v. New Images of Beverly Hills*, 482 F.3d 1091, 1096 (9th Cir. 2007) "In deciding whether to impose case-dispositive sanctions, the most critical factor is ... whether the discovery violations threaten to interfere with the rightful decision of the case." *Id.* at 1097 (internal quotation marks omitted). Recognizing that dismissal or default of an action is "very severe," the Ninth Circuit has held that imposition of a terminating sanction under Rule 37 is justified where the violation is "due to willfulness, bad faith, or fault" of the party. *Connecticut Gen.*, 482 F.3d at 1096.

**III. Analysis**
    **A. Defendants' failure to comply with the Court Order was willful, deliberate, and in bad faith**.

The Court must first consider whether plaintiff's noncompliance was due to "willfulness, bad faith, or fault." *Jorgensen*, 320 F.3d at 912 (citation omitted). "[D]isobedient conduct not shown to be outside the control of the litigant" is all that is required to demonstrate willfulness, bad faith, or fault. *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 948 (9th Cir. 1993) (internal quotations and citation omitted). In evaluating the propriety of sanctions, the Court considers "all incidents of a party's misconduct." *Adriana Int'l Corp. v. Thoeren*, 913 F.2d 1406, 1411 (9th Cir. 1990).

Defendants failed to attend their properly noticed depositions on three separate occasions. Defendants failed to show that their actions—related to their failure to appear for the April 25 or May 11 depositions—were outside of their control. Defendants' stated refusal to attend made two days before, coupled with an absence of travel documentation or objections to the notices, convinces the Court that Defendants never planned to attend their April 25 depositions in the first place. The circumstances surrounding the May 11, 2023 depositions are similar. On that day, hours before the scheduled deposition, Defendant Jeffery Shields offered, in a single sentence, that "personal health circumstances" arose and prevented their attendance. Doc. 50, Burstein Decl. ¶ 10, Ex. D ("We had planned to inform you yesterday when the situation materialised [sic] but unfortunately was not [sic] in a position to do so."). In the same email, sent at 5:47 a.m., Defendant Jeffery Shields details in seven paragraphs their wish to attend a settlement conference "in the next few weeks" and "bring the dispute to an end and avoid the need for ongoing legal action." Doc. 50, Burstein Decl. ¶ 10, Ex. D. Defendant did not provide alternative dates or arrangements and they did not provide to Plaintiff's counsel or this Court proof of illness substantiating the "personal health circumstances." Doc. 50, Burstein Decl. ¶ 10, Ex. D. In a Declaration submitted to this Court, Defendant Jeffery Shields raised his difficulties and complaints against opposing counsel but failed to elaborate on his purported reasons for missing the April 25 or May 11 depositions. *See* Doc. 39-1. His

threadbare discussions lacked any supporting facts or documentation showing proof of cancelled travel arrangements, such as airfare or lodging, or proof of consultation with any law firm. *See id.* Defendant Terel Shields did not file a Response and did not explain her nonappearance on April 25 or May 11. *See* Doc. 47 at n.1.

Then there is the Defendants' failure to attend their June 28, 2023 depositions in violation of this Court's Order. At that point, the Court had already sanctioned Defendants and warned that failure to appear for the scheduled deposition would result in more severe sanctions. *See* Doc. 47 at 5. Despite these warnings, Defendants refused to meet their obligations. Nearly three weeks have elapsed since their missed depositions and Defendants have yet to provide an explanation to either opposing counsel or this Court. The Court finds the "willfulness, bad faith, and fault" prerequisite to dispositive sanctions has been satisfied.

### B. Terminating sanctions are warranted under Rule 37.

The Ninth Circuit has identified five factors relevant to determining whether dismissal/default is warranted as a sanction under Rule 37: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

The first two factors—public interest in expeditious resolution of litigation and the need to manage the Court's docket—favor default here. Defendants' conduct hinders the Court's ability to move this case towards judgment and shows that Defendants have no intention of litigating this action diligently and in accordance with this Court's orders.

The third factor, the risk of prejudice to Plaintiff, also favors default. Plaintiff cannot be fairly expected to prosecute his claims without the benefit of discovery from Defendants. *See Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990) (prejudice was "palpable" where a party failed to appear at depositions and failed to comply with court orders to produce discovery). Plaintiff has attempted, without success, to depose

Defendants since April 2023. Defendants' repeated failures to appear for depositions, even after the Court ordered them to do so, has obstructed Plaintiff's access to information necessary to prosecute his claims. *See, e.g., Taek Yoon v. Lee*, 2020 WL 5665484, at *5 (C.D. Cal. Sept. 17, 2020) (dismissal warranted where plaintiff's failure to appear for his deposition, or properly meet and confer regarding his deposition, prejudiced defendants' ability to defend themselves and adequately prepare for trial), report and recommendation adopted, 2020 WL 5633422 (C.D. Cal. Sept. 18, 2020); *Joe Hand Promotions, Inc. v. Tolone*, No. ED CV 11-772-WDK EX, 2013 WL 5353048, at *2 (C.D. Cal. Sept. 24, 2013) (finding prejudice and granting terminating sanctions where "[t]he absence of timely discovery has deprived Plaintiff of the potential opportunity to pursue a motion for summary judgment or summary adjudication of issues"); *Reddy v. Gilbert Med. Transcription Serv.*, 2011 WL 13176583, at *6-8 (C.D. Cal. Feb. 4, 2011) (imposing terminating sanctions after plaintiff failed to provide discovery in a timely fashion and twice failed to appear for court-ordered deposition), *aff'd*, 467 F. App'x 622 (9th Cir. 2012).

Regarding the availability of lesser sanctions, the Court warned Defendants about the consequences arising from their failure to appear at the depositions, and this did not result in their compliance. Defendants failed to attend their court-ordered deposition despite the Court awarding attorney's fees and providing unequivocal warnings that Defendants would be subjected to sanctions, including possibly terminating sanctions, for their nonappearance. Given these circumstances, lesser sanctions are not reasonably available as it is unlikely Defendants would abide by any Court orders.

The fourth factor, public policy in favor of deciding cases on their merits, generally weighs against dismissal. Defendants have an obligation to participate in this case, respond to discovery, comply with court orders, and avoid dilatory and evasive tactics. *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991). Defendants have failed to participate in discovery in this case. They have offered no plausible explanation for their nonappearances, have not demonstrated that their actions were outside their control, and have not complied with the Court's order compelling their attendance. In these

circumstances, the public policy favoring resolution of disputes on the merits is not outweighed by conduct that is dilatory, evasive, and in bad faith.

**IV.  Order**

**IT IS ORDERED GRANTING** Plaintiff's Motion for Terminating Sanctions under Fed. R. Civ. P. 37 (Doc. 49).

**IT IS FURTHER ORDERED** that default be entered in favor of Plaintiff Geoffrey A. Thomas and against Defendants Jeffery Shields and Terel Shields based on the claims alleged in the Complaint (Doc. 1). In addition, Defendants answers, (Docs. 20, 21), are stricken.

**IT IS FURTHER ORDERED** that on or before **August 8, 2023**, Plaintiff shall submit a brief and declaration supporting the prove up of its damages against Defendants, as well as a declaration that substantiates the fees and expenses incurred by Plaintiff in connection with the successful motion for sanctions (Doc. 49). Defendants shall file their respective Oppositions no later than 14 days after service of the motions; and (3) Plaintiff shall file an optional Reply (no more than 5 pages) to the respective Oppositions no later than 7 days after service of the Oppositions.

Dated this 25th day of July, 2023.

_____
Honorable John C. Hinderaker
United States District Judge